Filed 11/9/22  P. v. Williams CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

CURTIS JOHN WILLIAMS,

    Defendant and Appellant.

E072975

(Super.Ct.No. RIF088153)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Kenneth H. Nordin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Senior Assistant Attorneys General, Eric A. Swenson, Felicity Senoski and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Curtis John Williams filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the trial court denied. Defendant appealed, arguing that his petition was improperly denied since he made a prima facie showing that the provisions of former section 1170.95 applied to him. By opinion filed October 8, 2020, we affirmed.

On September 28, 2022, the California Supreme Court transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of *Strong*, *supra*, 13 Cal.5th 698 and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). On October 3, 2022, we ordered our decision vacated and set a briefing schedule.

Defendant now contends the trial court almost certainly based its denial of his petition on the felony-murder special-circumstance findings. He argues that pursuant to *Strong*, the court erred in determining the jury's true findings on the special circumstance allegations rendered prior to the decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), made him ineligible for relief. Defendant maintains he made the requisite prima facie showing, and the matter should be remanded for an order to show cause (OSC) hearing. The People concede that the matter

---

[1] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, without substantive change. (See *People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2 (*Strong*).) This opinion will use the statutory designation in effect at the time defendant filed his petition where appropriate and the new statutory designation for events occurring after the change in the law. All further statutory references will be to the Penal Code unless otherwise indicated.

should be remanded for further proceedings.  We reverse and remand the matter for a new prima facie hearing.

## PROCEDURAL BACKGROUND

A jury convicted defendant of second degree murder (§ 187, subd. (a), count 1), first degree murder (§ 187, subd. (a), count 2), and rape by force in concert with another (§§ 261, subd. (a)(2), 264.1, count 3).  The jury also returned true findings on the special circumstance allegations that the murder in count 2 was committed while defendant was engaged in the commission of a kidnapping and a rape.  (§ 190.2, subd. (a)(17)(B) & (C).)  (*People v. Williams* (Sept. 8, 2003, E031301) [nonpub. opn.].)  The trial court sentenced defendant to life without the possibility of parole on count 2, an indeterminate term of 15 years to life on count 1 to be served consecutively, and two years for the firearm enhancements on counts 1 and 2 to be served consecutively.  The court stayed the sentence on count 3, pursuant to section 654.

In 2003, defendant appealed, and this court affirmed his convictions.  (*People v. Williams*, *supra*, E031301.)

On January 4, 2019, defendant filed a petition for resentencing pursuant to former section 1170.95.

The trial court held a hearing on April 19, 2019.  Defendant was represented by counsel and said he was unsure whether the People had filed a reply to the petition.  The People stated that no reply had been filed and added:  "[T]his was also a special circumstance case, . . .  It required the jury to find that the defendant aided and abetted with

3

intent to kill or was a major participant with reckless indifference. The appellate opinion is also—its attached to our response. And found sufficient evidence of a major participant and reckless indifference." The court then summarily denied the petition.

DISCUSSION

Defendant argues that the court erred in denying his petition, and the matter should be remanded for an OSC hearing. The People concede the matter should be remanded for further proceedings. We reverse the court's denial and remand the matter for a new prima facie hearing.

"Senate Bill [No.] 1437 [(2017-2018 Reg. Sess.)] significantly limited the scope of the felony-murder rule to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*Strong*, *supra*, 13 Cal.5th at pp. 707-708.) "Defendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2'— that is, the statute defining the felony-murder special circumstance." (*Id*. at p. 708.) "Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. [Citations.] Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citations], including that '[t]he

4

petitioner could not presently be convicted of murder or attempted murder because of changes to . . . Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 [citation]." (*Ibid.*, fn. omitted.)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for . . . relief, the prima facie inquiry . . . is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.) "[T]he 'prima facie bar was intentionally and correctly set very low.' " (*Ibid.*)

Where a defendant's "case was tried before both *Banks* and *Clark . . .* special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong*, *supra*, 13 Cal.5th at p. 721.) A court "err[s] in concluding otherwise." (*Ibid.*)

If a defendant has made a prima facie showing of entitlement to relief, " 'the court shall issue an order to show cause.' " (*Strong, supra,* 13 Cal.5th at p. 708.) "[T]he court must [then] hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by Senate Bill 1437. [Citation.] 'A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' [Citation.] 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.' " (*Id.* at p. 709.)

"[E]ffective January 1, 2022, the Legislature limited use of prior appellate opinions, allowing trial judges to [only] 'consider the procedural history of the case recited.' [Citation.] . . . [I]ts specificity indicates the Legislature has decided trial judges should not rely on the factual summaries contained in prior appellate decisions when a section 1170.95 petition reaches the stage of a full-fledged evidentiary hearing." (*People v. Clements* (2022) 75 Cal.App.5th 276, 292.)

Here, the jury rendered the special murder circumstance findings before both *Banks* and *Clark* were decided. With respect to those findings, "no judge or jury has ever found the *currently* required degree of culpability . . . ." (*Strong*, *supra*, 13 Cal.5th at p. 718, italics added.) Thus, as we originally determined, the special murder circumstance findings did not, alone, render defendant ineligible for relief. Therefore, the court below erred in denying defendant's petition on that basis.

However, we also determined, in reliance on this court's prior opinion, that any error was harmless since the record of conviction disclosed sufficient evidence to support a finding that defendant was a major participant who acted with reckless indifference to human life under *Banks* and *Clark*. "Neither the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong*, *supra*, 13 Cal.5th at p. 720.)

Since the felony-murder special-circumstance findings here were made before *Banks* and *Clark*, those findings alone do not render defendant ineligible for resentencing. Moreover, this court's previous review for sufficiency of the evidence was also inadequate to support denial of resentencing at the prima facie stage. Therefore, as the People concede, we must reverse the court's order summarily denying defendant's petition and remand the matter for a new prima facie hearing.

## DISPOSITION

The order denying defendant's petition is reversed.  The matter is remanded with directions to hold a new prima facie hearing.  We express no opinion on whether defendant is entitled to relief following the hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

RAMIREZ _____
P. J.

RAPHAEL _____
J.